UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ARGUELLO, | No. 1:18-cv-00383-DAD-HBK (HC) |
| Petitioner, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITION FOR HABEAS CORPUS |
| W. L. MUNIZ, | |
| Respondent. | (Doc. Nos. 40, 22-1) |

Petitioner Eric Arguello is a state prisoner proceeding with counsel and *in forma pauperis* with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 15, 2020, the then-assigned magistrate judge issued findings and recommendations recommending that petitioner's amended petition for federal habeas relief (Doc. No. 22-1) be denied on the merits. (Doc. No. 40.) Specifically, the magistrate judge found that: (1) the state appellate court's rejection of petitioner's claim on direct appeal that there was insufficient evidence to support his conviction of attempted murder of a peace officer was not "objectively unreasonable"; (2) the appellate court's harmless error determinations regarding any error in the jury instructions given at petitioner's trial on self-defense and withdrawal from a

1

criminal enterprise were reasonable; (3) petitioner's confrontation clause claim fails because the jury heard ample non-hearsay evidence supporting its conclusion that petitioner was involved in a gang and thus, the trial court's admission of a gang expert's testimony—whether alleged to be a violation of *Crawford v. Washington*, 541 U.S. 36 (2004), which the magistrate judge rejected, or deemed inadmissible hearsay under *People v. Sanchez*, 63 Cal. 4th 665 (2016), which the appellate court found—did not have a substantial or injurious effect on the verdict at petitioner's trial; and (4) the appellate court's conclusion that the harmless errors did not rise to the level of reversible and prejudicial error when considered cumulatively was not unreasonable.  (*See id*. at 11–21.)  Those pending findings and recommendations were served on all parties and contained notice that any objections thereto were to be filed within thirty (30) days from the date of service.  (*Id*. at 22.)  On July 14, 2020, petitioner timely filed objections to the pending findings and recommendations.  (Doc. No. 41.)  To date, respondent has not filed any objections to the pending findings and recommendations, and the time in which to do so has passed.

In his objections, petitioner primarily reiterates arguments that had already been addressed in the pending findings and recommendations.  (Doc. No. 41.)  The court will address petitioner's objections with regard to each of his claims below.

First, petitioner asserts that the magistrate judge erred in concluding that there was sufficient evidence to support the conviction for attempted murder of a peace officer because, according to petitioner, "[t]here simply was insufficient evidence for the state court to infer that [he] shared the *specific intent* to kill [the officer] based on his gang membership and association with the actual shooter or shooters."  (*Id.* at 7.)  Petitioner argues that the appellate court's determination was unreasonable because "[s]imply asserting that being in the presence of other gang members transposes the mental state of those other gang members to the non-shooting gang member is unreasonable."  (*Id.* at 5.)  The undersigned is not persuaded by petitioner's argument because, as noted in the pending findings and recommendations, petitioner's presence at the scene of the shooting with fellow gang members was not the only evidence supporting the attempted murder conviction.  (Doc. No. 40 at 12–13.)  The jury heard other circumstantial evidence supporting petitioner's conviction, including that petitioner witnessed his co-defendants shoot the

first two victims, he knew they possessed guns when they entered his vehicle, he served as the get away driver from the first shootings to help them flee police officers, he continued driving while his co-defendant shot at the officer, he drove at high speeds and ran a stoplight, he pulled over to let his co-defendants out of the truck in an effort to elude pursuing police officers, and he tried to escape himself by driving away. (*Id.*) In addition, as the magistrate judge correctly explained, petitioner must overcome a doubly deferential standard for federal habeas relief on his insufficiency of the evidence claim. This court is bound by the holding in *Coleman v. Johnson*, 566 U.S. 650 (2012).

> [O]n habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'"

*Id.* at 651. The magistrate judge correctly concluded that petitioner does not meet this high bar to be entitled to federal habeas relief as to this claim. The undersigned agrees that "[i]n viewing the evidence in the light most favorable to the prosecution, [] petitioner has failed to show that no rational trier of fact could have found proof supporting [his] conviction as an aider and abettor of the attempted murder of the officer, or that the jury's verdict was 'so insupportable as to fall below the threshold of bare rationality.'" (Doc. No. 40 at 13) (quoting *Coleman*, 566 U.S. at 656) (internal citation omitted).

Second, petitioner objects to the magistrate judge's conclusion that he was not prejudiced by an allegedly erroneous self-defense jury instruction given at his trial because the jury found petitioner guilty of premeditation and deliberation, thus indicating that the jury had also rejected petitioner's self-defense theory. (Doc. No. 41 at 7.) Petitioner argues that, to the contrary, the jury's rejection of his claim of self-defense underlies the assertion of prejudice stemming from the erroneous self-defense instruction because it shows that the jury misused the instruction. (*Id.*) However, petitioner cite no legal authority in support of this stretched deduction. Whereas the appellate court cited case law to support its conclusion that the record did not indicate that giving the instruction resulted in any prejudice, particularly because none of the questions asked by the jury during deliberation pertained to the topic of self-defense, and the jury's finding of

premeditation and deliberation indicated their complete rejection of petitioner's self-defense arguments. (Doc. No. 22 at 77–78.)[1] In addition, petitioner's objections do not meaningfully address the standard that federal courts apply in reviewing a state court's determination that a constitutional violation at trial was a harmless error. As correctly noted in the pending finding and recommendations, habeas relief is not available "unless the harmlessness determination itself was unreasonable," and "[t]o obtain relief, petitioner must show that the state court's harmless error determination 'was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" (Doc. No. 40 at 14) (internal citation omitted). A constitutional violation is a harmless error unless the error had "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993). Here, as the magistrate judge noted, the state appellate court declined to analyze whether the jury instruction itself was a misstatement of the law, as petitioner had argued, and instead analyzed whether giving the instruction—flawed or not—constituted harmless error. (Doc. No. 40 at 14.) The state appellate court concluded that petitioner had not suffered prejudice from the giving of the instruction, explaining that the prosecutor did not misstate the law when referencing the instruction just once in her closing argument, and that the prosecutor indeed had "repeatedly urged the jury to acquit the defendants if it believed that they acted in self-defense." (*Id.* at 15.) The undersigned agrees with the magistrate judge's finding that there was no indication that the self-defense instruction "influenced the jury's verdict in an unconstitutional manner." (*Id.*)

---

[1] Petitioner also objects to the magistrate judge's noting that he "presented no evidence of prejudice resulting from the instruction" (Doc. No. 40 at 15), because according to petitioner, it would be impossible for him to present any new evidence in this federal court. (Doc. No. 41 at 80.) But neither of the decisions cited by petitioner—*Dickens v. Ryan* 740 F.3d 1302 (9th Cir. 2014) and *Cullen v. Pinholster*, 563 U.S. 170 (2011)—involve a petitioner presenting evidence to show that prejudice resulted from an error that the state court had determined to be harmless. Moreover, despite his objection that it also would have been impossible for him to present evidence of prejudice to the state court (Doc. No. 41 at 8), petitioner stated in his petition that he had in fact presented "extensive evidence that he was prejudiced by the instructional error." (Doc. No. 22 at 38.) Given this inconsistency, petitioner's objection regarding his purported inability to make a showing of prejudice does little to cast doubt on the analysis set forth in the pending findings and recommendations.

4

Third and relatedly, petitioner objects to the magistrate judge's finding that he was not prejudiced by the trial court instructing the jury regarding withdrawal from a criminal enterprise as a defense to aiding and abetting, even though the prosecution conceded on appeal that the evidence did not warrant such an instruction and the appellate court agreed that giving the instruction was an error. (Doc. No. 41 at 8–9.) But here too, petitioner has not shown that the state appellate court's determination that this error was harmless was itself unreasonable. Rather, petitioner merely reasserts his argument that it was unreasonable for the state appellate court to apply the state court harmless error standard articulated in *People v. Watson*, 46 Cal. 2d 818 (1956), rather than the standard articulated in *Chapman v. California*, 386 U.S. 18 (1967), which applies to claims of federal error. (Doc. No. 41 at 9.) But petitioner stops short of arguing that application of *Chapman* by the state appellate court would have yielded a different result. Instead, petitioner states in conclusory fashion that "it is clear that the instructional error had a substantial and injurious effect on the jury's verdict" (*id.*), and he refers to the arguments he made in his petition—arguments that have already been properly addressed in the pending findings and recommendations.

Fourth, petitioner objects to the magistrate judge's finding that the erroneous admission of the gang expert's testimony does not justify federal habeas relief because the appellate court correctly found that the error was harmless and did not have a substantial or injurious effect on the verdict. (Doc. No. 41 at 9–11.) Petitioner argues that the magistrate judge recited the relevant factors but did not apply them. (*Id.* at 10.) In particular, petitioner contends that the magistrate judge did not explicitly address the importance of the gang expert's trial testimony and did not compare the weight of that inadmissible hearsay testimony with the "meager evidence" of petitioner wearing red clothing, driving a red truck, and affiliating with his co-defendants. (*Id.*) However, the pending findings and recommendations do address the importance of the gang expert's testimony relative to the other evidence supporting they jury's finding that petitioner was involved in a gang; the gang expert's testimony was less important relative to the "ample non-hearsay evidence," including his gang tattoos and his co-defendants' admitted gang membership and testimony that petitioner was in the gang as well. (Doc. No. 40 at 20.) Petitioner also argues

5

that the pending findings and recommendations merely state that the gang expert was cross-examined, but they do not address the *extent* of cross-examination. (Doc. No. 41 at 11.) The undersigned has reviewed the reporter's transcript containing the cross-examination of the gang expert by petitioner's defense counsel, which was extensive and thorough. Moreover, the undersigned notes that in his petition, petitioner summarizes the cross-examination of the gang expert, including examination on the gang expert's statements that were later determined to be inadmissible hearsay by the appellate court. (Doc. No. 22 at 46.) Similarly, petitioner argues that the pending findings and recommendations do not address the strength of the prosecution's case against petitioner, and that the prosecution's job was made easier by the gang expert's testimony—namely, the inadmissible gang evidence allowed the jury to infer petitioner's criminal intent in a way that it would not have been able to had the evidence been properly excluded. (Doc. No. 41 at 11.) Nevertheless, here too, petitioner's objections fail to meaningfully cast doubt on the state appellate court's determination that admission of the gang expert's hearsay statements was harmless error in light of the overwhelming properly admitted evidence. Accordingly, the undersigned agrees with the magistrate judge's finding that petitioner has not shown that the error in admitting the gang expert's hearsay statements had a substantial or injurious effect on the jury's verdict in his case.

Fifth, and finally, petitioner objects to the magistrate judge's conclusion that it was not unreasonable for the appellate court to find that petitioner did not suffer from cumulative prejudice. (Doc. No. 41 at 12.) Petitioner's objection in this regard is derivative of his objections to the pending findings and recommendations on each of his claims of prejudicial error. (*Id.*) As discussed above, it was not unreasonable for the appellate court to determine that those errors were harmless. Thus, the undersigned agrees with the magistrate judge's findings that petitioner has failed to support his claim for habeas relief based on cumulative errors.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including petitioner's objections, the court concludes that the findings and recommendations are supported by the record and proper analysis.

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, as an appeal is only allowed under certain circumstances. 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). In addition, Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). If, as here, a court denies a petition for a writ of habeas corpus, the court may only issue a certificate of appealability when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). Petitioner has not made such a showing here. Therefore, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on June 15, 2020 (Doc. No. 40) are adopted in full;
2. This petition for writ of habeas corpus (Doc. No. 22-1) is denied;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **February 18, 2021**

UNITED STATES DISTRICT JUDGE